IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CIVIL ACTION NO.: 4:21-mc-00007-MW-MAF

| | |
|---|---|
| Dan-Bunkering (America) Inc., | ANSWER OF GARNISHEE, AND DEMAND PURSUANT TO |
| Plaintiff, | FLORIDA STATUTES § 77.28 FOR PAYMENT BY JUDGMENT |
| vs. | CREDITOR'S COUNSEL OF TD BANK'S ATTORNEYS' FEES |
| IChor Oil, LLC, et al., | FLORIDA BAR #472050 |
| Defendant and Garnishee. | **[AS TO ICHOR OIL, LLC ONLY]** |
| _____/ | |

Garnishee, TD Bank, N.A. s/h/a TD Bank, National Association., by its undersigned attorney, answers the Writ of Garnishment served on it as follows:

1. At the time of the service of the Writ of Garnishment, plus one business day to allow TD Bank sufficient time to act expeditiously on the writ, and at all times subsequent to such service, up to and including the time of the making of this Answer, TD Bank's records reflect the following account(s) which may be subject to the Writ of Garnishment.

Account Number(s)     Name/Address on Account

NONE

2. Pursuant to provisions of §§ 77.06(2) and (3) of Florida Statutes, 31 CFR Part 212 and subject to Court determination of the proper disposition of proceeds of the above account(s), TD Bank has retained the following sums:

Account Number(s)     Amount Retained

NONE

3. Under the terms and conditions of its agreement with its customer, TD Bank has a contractual right of setoff, and it hereby claims this right. Specifically, TD Bank is authorized to offset, among its other rights, a bank processing fee in the amount of $125.00. Said sum, or a portion of said sum, has been taken from the funds in paragraph 2 above and the amount shown reflects the reduced sum held after offset. As such, this is the sum available for garnishment herein.

4. Other than as set forth in 31 CFR Part 212 TD Bank has no obligation to make, and has not made, a factual determination whether any property of the Defendant in its possession or control is subject to any exemption provided to the Defendant by State or Federal Law.

5. TD Bank knows of no other person indebted to the Defendant or any other person who may have any effects, goods, money or chattels of the said Defendant, nor did TD Bank have in its possession or control any other tangible personal property of the Defendant.

6. Having fully answered the Writ of Garnishment served upon it, pursuant to Florida Statutes § 77.28 TD Bank demands that the party applying for such writ shall pay to Zeichner Ellman & Krause LLP, Attn: Barry J. Glickman, Esq., 1211 Avenue of the Americas, 40th Floor, New York, NY 10036, the sum of $100. representing partial reimbursement for attorneys' fees expended by TD Bank in responding to this Writ of Garnishment.

WHEREFORE, TD Bank prays this Court enter its judgment determining proper disposition of any funds held pursuant to the Writ of Garnishment and hereby demands payment of statutory garnishment fees to be made payable to TD Bank, N. A.'s attorney.

Dated: September 1, 2021

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Barry J. Glickman, Esq.
*Attorneys for Garnishee*
 *TD Bank, N.A.*
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
flservice@zeklaw.com

2

I HEREBY CERTIFY that on **September 1, 2021**, a true copy of the foregoing Answer of Garnishee, and Demand Pursuant to Florida Statutes § 77.28 for Payment By Judgment Creditor's Counsel of TD Bank's Attorneys' Fees was furnished by E-mail to **J. Stephen Simms, Esq., Simms Showers LLP,** Attorney for Plaintiff at**: jssimms@simmsshowers.com.**

By: _____
Attorney for TD Bank, N.A.